# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ROBERT T. COLEMAN | Case No. 17-12346 (BLS) |
| Debtor. | **Re: Docket Nos. 10, 12, 14** |

Erin K. Brignola, Esq.  
COOPER LEVENSON, P.A.  
Fox Run Shopping Center  
30 Fox Hunt Drive, Unit 30  
Bear, DE 19701  

*Attorney for the Debtor*

Don A. Beskrone, Esq.  
ASHBY & GEDDES  
P.O. Box 272  
Wilmington, DE 19899  

*Chapter 7 Trustee*

## OPINION

Before the Court is the Chapter 7 Trustee's Objection (the "Objection")[1] to Robert T. Coleman's ("Mr. Coleman" or the "Debtor") claim for exemptions under the Delaware Code. This matter hinges on the statutory meaning of the phrase "under this chapter" as prescribed under 19 Del. C. § 2355. Upon review, the Court will sustain the Objection and deny the claimed exemption for the reasons that follow.

## **Background**

The facts of this case are undisputed. Mr. Coleman began working at the Chrysler Plant in Newark, Delaware in 1984. He worked full-time at the plant until 2008 when the plant closed and ceased operations. At that time, he had not fully completed enough time to merit his full pension with the company. Mr. Coleman then traveled to Illinois in order to continue working for Chrysler, all while maintaining his residence and listed address in Delaware.[2]

---

[1] Capitalized terms have the meanings assigned to them *infra*.

[2] The Debtor states that he stayed with friends or at local motels while working in Illinois.

His employment continued until 2014, when he became disabled and could no longer work in his previous position. He returned to another position within the company for a short period of time in 2017 in order to acquire sufficient hours to merit 100% of his retirement benefits. Soon thereafter, he filed a claim on account of injuries he sustained in Illinois under the Workers' Compensation Act of Illinois. The Debtor was awarded $75,000 (the "Illinois Settlement") for neck injuries that he sustained while working in Illinois. He lists the current value of the Illinois Settlement as $58,545.80 on his bankruptcy schedules.

The Debtor filed a petition for relief under Chapter 7 on November 1, 2017. He claims that the Illinois Settlement amount is exempt under 19 Del. C. § 2355, which governs workers' compensation settlements and payments. The Trustee soon responded by filing the Objection with the Court. In a nutshell, the Trustee contends that only workers' compensation payments that are awarded under Delaware law may be exempted; since the Debtor's award is under Illinois law, the Trustee asserts that the exemption cannot apply and the funds are therefore available for administration and distribution to creditors.

## The Parties' Positions

*a. The Trustee's Arguments*

The Trustee requests that the Court deny the Debtor's claim of exemption for the Illinois Settlement pursuant to Rule 4003 of the Federal Rules of Bankruptcy Procedure. He contends that the Debtor is not entitled to the exemption under the plain language of 19 Del. C. § 2355, which provides as follows: "[e]xcept for attachments pursuant to child support orders entered under Chapter 4, 5 or 6 of Title 13, *claims or payment for compensation due or to become due under this chapter* shall not be assignable and all compensation and claims therefor shall be exempt from all claims of creditors." 19 Del. C. § 2355 (emphasis added). The Trustee argues

that the phrase "under this chapter" specifically refers to Chapter 23 of Title 19 of the Delaware Code. As such, the Delaware Code exempts only workers' compensation awards that are issued under Chapter 23. And if Delaware law exempts only workers' compensation awards that are issued under its own law, then any award made under the laws of another state cannot be exempt. Moreover, as Delaware is an opt-out state, its exemptions are applied rather than federal exemptions or those of other states: the Trustee argues that the Debtor's interpretation of the "under this chapter" language is akin to adopting and enforcing exemption provisions other than those defined by the Delaware legislature.

   *b. The Debtor's Arguments*

The Debtor's primary argument is based on policy. He demonstrates that the Illinois Workers' Compensation Statute, under which he received his award, is practically identical to Delaware's statute: "[n]o payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages ... ." 820 ILCS 305/21 (2018). The Debtor argues that the plain meaning of both the Illinois and the Delaware statutes is clear: both are intended to protect such awards from creditors. The policy behind each is to protect the employee and his compensation for the time that he could not work after injury on the job. The Debtor further contends that § 2355 forbids the Trustee from distributing workers' compensation awards, which the Illinois Settlement is, to creditors even if they are not exempt because they are intended exclusively for the benefit of the employee.

The Debtor also points to § 2303 for support, which provides that an award from another state does not "bar a claim for benefits under this chapter[,]" as stated in the statute. 19 Del. C. § 2303(b). The Debtor argues that that language shows that Delaware recognizes out-of-state

awards like the Illinois Settlement in this case.[3]  Furthermore, Mr. Coleman relies on § 2303(a), which permits an employee that is injured while working in another state to file a claim in Delaware provided that certain conditions are met.  The Trustee responds in his reply and at oral argument that none of the applicable conditions are satisfied.

In sum, the Debtor essentially says that he was caught between a rock and a hard place.  He was hired in Delaware and then forced to work out of state when the corporation moved.  He was injured while working in Illinois, and he was required to file his workers' compensation claim in that state.  And since he was a resident of Delaware at the time of his filing for bankruptcy, he had no choice but to take the Delaware exemptions.

## Jurisdiction

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).  Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408-09.

## Discussion

The Court will sustain the Trustee's Objection.  The Court acknowledges that result as a harsh one.  But, as the Supreme Court has noted, "it is not our task to assess the consequences of each approach and adopt the one that produces the least mischief.  Our charge is to give effect to the law Congress enacted."  *Lewis v. City of Chicago*, 560 U.S. 205, 217 (2010).  In this case, it is the Court's charge to give effect to the law enacted by the State of Delaware.

---

[3] The Debtor frames this argument as one under the Full Faith and Credit Clause.  While the Court understands the Debtor's usage of the Clause, the Court does not see this as a Full Faith and Credit Clause issue as the Debtor is not seeking to enforce an out-of-state court's final judgment in Delaware.  *See Baker v. Gen. Motors Corp.*, 522 U.S. 222, 232-33 (1998) ("The Full Faith and Credit Clause does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate ... Regarding judgments, however, the full faith and credit obligation is exacting.  A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgement, qualifies for recognition throughout the land.") (internal quotations and citations omitted).

19 Del. C. § 2355, as stated previously, says: "[e]xcept for attachments pursuant to child support orders entered under Chapter 4, 5 or 6 of Title 13, claims or payment for compensation due or to become due *under this chapter* shall not be assignable and all compensation and claims therefor shall be exempt from all claims of creditors." 19 Del. C. § 2355 (emphasis added). That section is a subsection of chapter 23 under Title 19. It is against that background that the Court must answer whether the Illinois Settlement is exempt under Delaware law. The issue then is "one of construction of statutory law and the application of the law to undisputed facts[.]" *Ins. Comm'r of Del. v. Sun Life Assurance Co. of Can. (U.S.)*, 21 A.3d 15, 19-20 (Del. 2011) (internal quotations omitted).

In Delaware, "rules of statutory construction are straightforward." *Id.* at 20. "A court must first determine whether or not the statute is ambiguous. If the statute is found to be clear and unambiguous, then the plain meaning of the statutory language controls." *Id.* (citations omitted). "If a statute is unambiguous, there is no need for judicial interpretation[.]" *Dir. of Revenue v. CNA Holdings, Inc.*, 818 A.2d 953, 957 (Del. 2003) (quoting *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999)). "[A] statute is considered ambiguous if it is reasonably susceptible of two interpretations. 'Ambiguity may also be found if a literal reading of the statute would lead to an unreasonable or absurd result not contemplated by the legislature.'" *Dir. of Revenue*, 818 A.2d at 957 (quoting *Newtowne Vill. Serv. Corp. v. Newtowne Road Dev. Co., Inc.*, 772 A.2d 172, 175 (Del. 2001)).

The Court finds no ambiguity in the statute at issue. As mentioned, § 2355 specifically exempts awards "under this chapter." That language clearly references Chapter 23 of Title 19 of the Delaware Code. The statute's specificity plainly restricts the exemption of such awards to those made under Delaware law. And despite the unfortunate outcome for the Debtor in this

5

case, the statute's language does not yield reasonably to more than one interpretation. Therefore, because the Illinois Settlement is not an award under § 2355, it cannot be claimed as an exemption according to the plain language of the statute.

The decision in *In re Almgren* is instructive and persuasive. 384 B.R. 12 (Bankr. D. Idaho 2007). The debtor in *Almgren* was a truck driver living in Idaho who was employed by a trucking company in Tennessee. *Id.* at 14. After being injured in an accident in Pennsylvania, the debtor was awarded worker's compensation benefits under Tennessee law. *Id.* The debtor filed a bankruptcy petition in Idaho soon thereafter. *Id.*

The issue before that court was whether the debtor "[could] invoke Idaho's worker compensation law to exempt [the] Tennessee worker's compensation recovery." *Id.* at 13. As here, Idaho had opted out of the federal exemptions and its own exemption law applied. *Id.* at 15. The Idaho Code provided that "[n]o claims for compensation *under this law* shall be assignable, and all compensation and claims therefor shall be exempt from all claims and creditors[.]" *Id.* (emphasis in original) (quoting Idaho Code § 72-802). The court found that language to be plain, finding that "this law" referred exclusively "to Idaho's worker's compensation law, and thus the exemption provided by that section of the Idaho Code protects only those benefits awarded under [Idaho law], and not those recovered under a different state's worker's compensation scheme." *Id.* at 16. The court in *Almgren* sustained the trustee's objection, finding that, "since [the] [d]ebtor's benefits were paid to her under Tennessee's worker's compensation statutes, they [could] not be exempted under the Idaho law." *Id.*

The Debtor references *In re Holstine* to refute the Trustee's arguments. 458 B.R. 392 (Bankr. E.D. Mich. 2011). In that case, the court denied a trustee's motion to stay an order that overruled the trustee's objection to claims of exemption. *Id.* at 393-94, 397. The debtors

claimed exemption of proceeds from a workers' compensation settlement under 11 U.S.C. § 522(d)(11)(E), *id.* at 393-94, which exempts a debtor's property that is traceable to "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(11)(E). The trustee objected to that claim, arguing that "as a matter of law, the Debtor [could] not exempt a workers' compensation recovery under 11 U.S.C. § 522(d)(11)(E) because that section is limited to the exemption of tort recoveries." *In re Holstine*, 458 B.R. at 395. The court disagreed with that argument, reasoning that § 522(d)(11)(E) was "clearly not intended by Congress to be limited to the exemption of tort recoveries" and finding that the "Debtor's workers' compensation award fell squarely within the provisions of 11 U.S.C. § 522(d)(11)(E) [because it] ... was property traceable to payment in compensation of loss of future earnings and that the entire amount was necessary for the support of the Debtor and the Debtor's dependents." *Id.* at 396. The court subsequently denied the trustee's motion. *Id.* at 397.

      The Debtor's reliance on *In re Holstine* is unavailing. Delaware has not adopted the exemptions set forth in § 522 of the Bankruptcy Code. This case centers on § 2355 of the Delaware Code, which limits the exemptions under Delaware law to awards granted under Chapter 23, as discussed previously. Unlike § 2355, Bankruptcy Code § 522(d)(11)(E) does not confine the exemption of workers' compensation awards to any specified chapter; but that section has no application to this case. That distinction is critical and fatal when comparing the two sets of facts.

Likewise, the Debtor's reference to § 2303 is unpersuasive. That statute enables an employee who is injured while working "outside the territorial limits of [Delaware]" to file a workers' compensation claim under Chapter 23 if one of the following conditions are met:

> (1) The employee's employment is principally localized in [Delaware]; or (2) The employee is working under a contract of hire made in [Delaware] in employment not principally localized in any state; or (3) The employee is working under a contract of hire made in [Delaware] in employment principally localized in another state whose workers' compensation law is not applicable to the employee's employer; or (4) The employee is working under a contract of hire made in [Delaware] for employment outside the United States and Canada.

19 Del. C. § 2303(a)(1)-(4). Clearly, none of those conditions are met. First, at all relevant times, the Debtor's employment was located in Illinois, thus negating options one, two, and four. Second, the Debtor was awarded a settlement under the laws of Illinois, thus negating the applicability of option three.

In sum, the plain meaning of § 2355's language leaves no room for interpretation; it exempts only workers' compensation awards that are awarded under Delaware law. It does not leave room for the exemption of awards from other states. The result of that, therefore, is that the Debtor cannot claim his Illinois Settlement as exempt in Delaware. Courts of "equity [must] follow[] the law," *Am. Int'l Grp., Inc. v. Greenberg (In re Am. Int'l Grp., Inc.)*, 965 A.2d 763, 812 (Del. Ch. 2009), and this outcome, though harsh, follows the law.

**Conclusion**

For the foregoing reasons, the Court will SUSTAIN the Trustee's Objection to the Debtor's claim of exemption of the Illinois Settlement.

Dated: Wilmington, Delaware
       April 13, 2018

                                                        _____
                                                        Brendan Linehan Shannon
                                                        Chief United States Bankruptcy Judge